**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of ___Delaware___
                              (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Vantage Deepwater Drilling, Inc. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   _____
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)     27-5373668

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 777 Post Oak Blvd. | |
| Number        Street | Number        Street |
| Suite 800 | |
| | P.O. Box |
| Houston        TX     77056 | |
| City        State    ZIP Code | City        State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris County | |
| County | Number        Street |
| | |
| | City        State    ZIP Code |

5. **Debtor's website** (URL)     http://vantagedrilling.com

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

| Debtor | Vantage Deepwater Drilling, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

SIC Code 1623 (NAICS Code 21711002)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                         MM / DD / YYYY

        District _____ When _____ Case number _____
                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor See Schedule 1 _____ Relationship _____

        District _____ When _____
                           MM / DD / YYYY

        Case number, if known _____

| Debtor | Vantage Deepwater Drilling, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                        State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| ▌ | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Vantage Deepwater Drilling, Inc. | Case number (if known) | |
| | **Name** | | |

**16. Estimated liabilities**
(on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ☒ I have been authorized to file this petition on behalf of the debtor.

- ☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/03/2015
              MM / DD / YYYY

✗ _____
Signature of authorized representative of debtor

Christopher G. DeClaire
Printed name

Title  Authorized Officer

**18. Signature of attorney**

✗ _____
Signature of attorney for debtor

| | |
| Daniel J. DeFranceschi | Ray C. Schrock, P.C |
| Printed name | |
| Richards, Layton & Finger, P.A. | Weil, Gotshal & Manges LLP |
| Firm name | |
| One Rodney Square, 920 North King Street | 767 Fifth Avenue |
| Address | |
| Wilmington, DE  19801 | New York, NY  10153 |
| City/State/Zip | |
| (302) 651-7700 | (212) 310-8000 |
| Contact phone | |
| defranceschi@rlf.com | ray.schrock@weil.com |
| Email address | |
| 2732         Delaware | |
| Bar number   State | |
| 12/03/2015 | |
| Date | |

## Schedule 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "***Court***"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Additional information about the relationship between each entity is contained in the *Declaration of Christopher G. DeClaire in Support of the Debtors' Chapter 11 Petitions and Related Requests for Relief* (the "***DeClaire Declaration***"), which has been filed contemporaneously herewith.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Vantage Delaware Holdings, LLC | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Deepwater Drilling, Inc. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Driller ROCO S.R.L. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Holdings Cyprus ODC Limited | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| PT. Vantage Drilling Company Indonesia | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Drilling Labuan I Ltd. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Drilling (Malaysia) I Sdn. Bhd. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Drilling Netherlands B.V. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Holding Hungary Kft. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Offshore Group Investment Limited | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Dragonquest Holdings Company | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Emerald Driller Company | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| P2020 Rig Co. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| P2021 Rig Co. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Sapphire Driller Company | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Deepwater Company | 15-_____( ) | December 3, 2015 | Delaware | Pending |

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Vantage Driller I Co | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Driller II Co | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Driller III Co | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Driller IV Co. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Driller VI Co. | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Drilling Africa | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage Holdings Malaysia I Co | 15-_____( ) | December 3, 2015 | Delaware | Pending |
| Vantage International Management Co. | 15-_____( ) | December 3, 2015 | Delaware | Pending |

WEIL:\95541906\3\78787.0003

**WRITTEN CONSENT**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**VANTAGE DEEPWATER DRILLING, INC.**


The undersigned, being the sole director comprising the Board of Directors (the "***Board***") of Vantage Deepwater Drilling, Inc., a Delaware corporation (the "***Company***"), hereby adopts, by this written consent, in accordance with Section 141(f) of the General Corporation Law of the State of Delaware, the following resolutions as of December 1, 2015, with the same force and effect as if they had been adopted at a duly convened meeting of the Board and directs that this written consent be filed with the minutes of proceedings of the Board.

WHEREAS, the Company is a subsidiary of Offshore Group Investment Limited, a Cayman Islands exempted company ("***OGIL***");

WHEREAS, OGIL and certain of its subsidiaries and affiliates, including the Company, intend to implement a financial restructuring on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement, attached hereto as **Exhibit A** (as revised and executed, the "***Restructuring Support Agreement***"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Restructuring Support Agreement;

WHEREAS, the restructuring described in the Restructuring Support Agreement (the "***Restructuring***") will be implemented by, among other things, OGIL and certain of its subsidiaries and affiliates, including the Company, as listed in the Restructuring Support Agreement (the "***Vantage Debtors***"), commencing cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware to implement a pre-packaged chapter 11 plan of reorganization (the "***Plan***") containing the terms set forth in the term sheet attached hereto as an exhibit to the Restructuring Support Agreement (the "***Restructuring Term Sheet***");

WHEREAS, the Restructuring will include a senior secured term loan and letter of credit facility (the "***Amended and Restated Credit Facility***") as described in the Terms of Amended and Restated Credit Facility, attached as an exhibit to the Restructuring Term Sheet (the "***Amended and Restated Credit Facility Term Sheet***"), to be entered into among OGIL and certain holders of Allowed Secured Revolving Credit Facility Claims (as defined in the Plan);

WHEREAS, the Restructuring will include a rights offering of senior secured second lien notes (the "***New Secured Notes***") as described in the Terms of New Secured Notes, attached as an exhibit to the Restructuring Term Sheet (the "***New Secured Notes Term Sheet***"), to be issued by OGIL under the Plan;

WHEREAS, the Restructuring will include an issuance of new senior subordinated secured third lien convertible notes (the "***Secured Convertible PIK Notes***") as described in the Terms of Secured Convertible PIK Notes, attached as an exhibit to the Restructuring Term Sheet (the "***Secured Convertible PIK Notes Term Sheet***"), to be issued by OGIL under the Plan;

WHEREAS, the Board, having considered the terms of the Restructuring Support Agreement and its related documents, and having received and considered advice from legal and financial advisors, deem it desirable and in the best interests of the Company for the Company to enter into the Restructuring Support Agreement; and

WHEREAS, the terms of the Restructuring, the Plan, the Restructuring Support Agreement, the Restructuring Term Sheet, the Amended and Restated Credit Facility, the New Secured Notes, the Secured Convertible PIK Notes, and the transactions and obligations contemplated by or referred to in all or any of them (collectively, the "***Transaction***") have been fully considered by the Board;

WHEREAS, it is in the Company's commercial interests that the Company approve and, as the case may be, enter into the Transaction and the documents contemplated thereby.

<u>RESTRUCTURING SUPPORT AGREEMENT</u>

NOW, THEREFORE, BE IT RESOLVED, that the form, terms, and provisions of the Restructuring Support Agreement, in substantially the form attached hereto as **<u>Exhibit A</u>**, be and hereby are, approved and ratified;

FURTHER RESOLVED, that Paul A. Bragg, Christopher G. DeClaire, Douglas G. Smith, any of the directors and officers of the Company as listed on the Company's register of directors and officers, and any other person designated and so authorized to act (each, an "***Authorized Officer***") be, and each of them hereby is, empowered, authorized, and directed to execute and deliver, for and on behalf of the Company, the Restructuring Support Agreement, with such changes therein as the Authorized Officer executing the same shall approve (which approval shall be conclusively evidenced by such

2

Authorized Officer's execution and delivery thereof); that the Company is hereby empowered and authorized to perform the Company's obligations under the Restructuring Support Agreement, as so executed and delivered, and any other document described in the Restructuring Support Agreement or related thereto; and that each of the Authorized Officers is hereby authorized and empowered to execute and deliver, for and on behalf of the Company, any other document described in the Restructuring Support Agreement or related thereto;

THE RESTRUCTURING TERM SHEET

FURTHER RESOLVED, that the form, terms, and provisions of the Restructuring Term Sheet, in substantially the form attached as an exhibit to the Restructuring Support Agreement, be and hereby are, approved and ratified;

FURTHER RESOLVED, that any of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take any and all actions consistent with the Restructuring Term Sheet, and which they, in their judgment, or in the judgment of any one or more of them, may deem necessary, advisable or appropriate in order to carry out the purpose and intent of, or consummate the transactions contemplated by, the foregoing resolution and/or all of the transactions contemplated therein or thereby, the authorization therefor to be conclusively evidenced by the taking of such action or the execution of such agreements;

FURTHER RESOLVED, that the authority granted to the Authorized Officers under the foregoing resolutions shall be deemed to include, in the case of each such resolution, the authority to perform such further acts and deeds as are consistent with the Restructuring Term Sheet and as may be necessary or appropriate in the judgment of any such Authorized Officer to carry out the transactions described therein;

SOLICITATION

FURTHER RESOLVED, that the materials presented to the Board with respect to the solicitation of votes on the Plan, including, but not limited to, the form of the Plan, disclosure statement, and related documents, each be, and hereby are, approved; and further, that each of the Authorized Officers be, and each of them hereby is, authorized, following the execution of the Restructuring Support Agreement, to sign the Plan and related disclosure statement on the Company's behalf and commence the process of soliciting votes on the Plan;

AMENDED AND RESTATED CREDIT FACILITY

3

FURTHER RESOLVED, that the terms and provisions of the Amended and Restated Credit Facility, substantially on the terms set forth in the Amended and Restated Credit Facility Term Sheet, be, and hereby are, approved and ratified;

FURTHER RESOLVED, that any of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take any and all actions consistent with the Amended and Restated Credit Facility Term Sheet, including, to negotiate and enter into the definitive credit agreement, amendments to the credit agreement, and any other agreements relating thereto, to perform all such acts and deeds, to execute, file, deliver, or record in the name of and on behalf of the Company, all such certificates, instruments, agreements, and other documents, to grant new security interests or reaffirm existing security interests on the Company's collateral, to guarantee the obligations contemplated by the Amended and Restated Credit Facility Term Sheet, and to make all such payments as is consistent with the Amended and Restated Credit Facility Term Sheet and which they, in their judgment, or in the judgment of any one or more of them, may deem necessary, advisable or appropriate in order to carry out the purpose and intent of, or consummate the transactions contemplated by, the foregoing resolution and/or all of the transactions contemplated therein or thereby, the authorization therefor to be conclusively evidenced by the taking of such action or the execution and delivery of such certificates, instruments, agreements, and documents;

FURTHER RESOLVED, that the authority granted to the Authorized Officers under the foregoing resolutions shall be deemed to include, in the case of each such resolution, the authority to perform such further acts and deeds as are consistent with the Amended and Restated Credit Facility Term Sheet and as may be necessary or appropriate in the judgment of any such Authorized Officer to carry out the transactions contemplated thereby, with such changes therein as the executing Authorized Officer or Authorized Officers shall approve, such approval to be conclusively evidenced by the execution thereof by such Authorized Officer or Authorized Officers;

NEW SECURED NOTES

FURTHER RESOLVED, that the terms and provisions of the New Secured Notes, substantially on the terms set forth in the New Secured Notes Term Sheet, be, and hereby are, approved and ratified;

FURTHER RESOLVED, that any of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take any and all actions consistent with the

4

New Secured Notes Term Sheet, including, to negotiate and enter into the definitive indenture, amendments to the indenture, and any other agreements relating thereto, to perform all such acts and deeds, to execute, file, deliver, or record in the name of and on behalf of the Company, all such certificates, instruments, agreements, and other documents, to grant new security interests or reaffirm existing security interests on the Company's collateral, to guarantee the obligations contemplated by the New Secured Notes Term Sheet, and to make all such payments as is consistent with the New Secured Notes Term Sheet and which they, in their judgment, or in the judgment of any one or more of them, may deem necessary, advisable or appropriate in order to carry out the purpose and intent of, or consummate the transactions contemplated by, the foregoing resolution and/or all of the transactions contemplated therein or thereby, the authorization therefor to be conclusively evidenced by the taking of such action or the execution and delivery of such certificates, instruments, agreements, and documents;

FURTHER RESOLVED, that the authority granted to the Authorized Officers under the foregoing resolutions shall be deemed to include, in the case of each such resolution, the authority to perform such further acts and deeds as are consistent with the New Secured Notes Term Sheet and as may be necessary or appropriate in the judgment of any such Authorized Officer to carry out the transactions contemplated thereby, including, without limitation, the preparation, execution and filing with the United States Securities and Exchange Commission of a Form T-3 with respect thereto, including any amendments and supplements thereto and requests for acceleration of the effectiveness thereof, with such changes therein as the executing Authorized Officer or Authorized Officers shall approve, such approval to be conclusively evidenced by the execution thereof by such Authorized Officer or Authorized Officers;

SECURED CONVERTIBLE PIK NOTES

FURTHER RESOLVED, that the terms and provisions of the Secured Convertible PIK Notes, substantially on the terms set forth in the Secured Convertible PIK Notes Term Sheet, be, and hereby are, approved and ratified;

FURTHER RESOLVED, that any of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take any and all actions consistent with the Secured Convertible PIK Notes Term Sheet, including, to negotiate and enter into the definitive indenture, amendments to the indenture, and any other agreements relating thereto, to perform all such acts and deeds, to execute, file, deliver, or record in the name of and on behalf of the Company, all such certificates, instruments, agreements, and other

5

documents, to grant new security interests or reaffirm existing security interests on the Company's collateral, to guarantee the obligations contemplated by the Secured Convertible PIK Notes Term Sheet, and to make all such payments as is consistent with the Secured Convertible PIK Notes Term Sheet and which they, in their judgment, or in the judgment of any one or more of them, may deem necessary, advisable or appropriate in order to carry out the purpose and intent of, or consummate the transactions contemplated by, the foregoing resolution and/or all of the transactions contemplated therein or thereby, the authorization therefor to be conclusively evidenced by the taking of such action or the execution and delivery of such certificates, instruments, agreements, and documents;

FURTHER RESOLVED, that the authority granted to the Authorized Officers under the foregoing resolutions shall be deemed to include, in the case of each such resolution, the authority to perform such further acts and deeds as are consistent with the Secured Convertible PIK Notes Term Sheet and as may be necessary or appropriate in the judgment of any such Authorized Officer to carry out the transactions contemplated thereby, including, without limitation, the preparation, execution and filing with the United States Securities and Exchange Commission of a Form T-3 with respect thereto, including any amendments and supplements thereto and requests for acceleration of the effectiveness thereof, with such changes therein as the executing Authorized Officer or Authorized Officers shall approve, such approval to be conclusively evidenced by the execution thereof by such Authorized Officer or Authorized Officers;

## COMMENCEMENT OF CHAPTER 11 CASE

FURTHER RESOLVED, that in the judgment of the Board, after consultations with counsel and its financial adviser, it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties, that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") on terms substantially consistent with the Restructuring Support Agreement;

FURTHER RESOLVED, that, if the board of directors of OGIL resolves to authorize OGIL's officers and directors to file a chapter 11 petition on behalf of OGIL, upon such board of directors authorization, any of the Authorized Officers be, and each of them hereby is, empowered, authorized, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") at such time that the Authorized Officer executing the same shall determine;

RETENTION OF ADVISERS

FURTHER RESOLVED, that the law firm of Weil, Gotshal & Manges LLP is hereby engaged as counsel for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

FURTHER RESOLVED, that the law firm of Richards, Layton & Finger, P.A. is hereby engaged as co-counsel for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

FURTHER RESOLVED, that the firm of Lazard Frères & Co. LLC is hereby engaged as investment banker and financial adviser for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

FURTHER RESOLVED, that the firm of Alvarez & Marsal North America, LLC is hereby engaged as restructuring adviser for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

FURTHER RESOLVED, that the firm of Epiq Bankruptcy Solutions, LLC is hereby employed as (i) claims and noticing agent, and (ii) administrative agent for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

FURTHER RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed to execute and file in the Company's chapter 11 case, all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to engage, employ, and retain all assistance by legal counsel, accountants, financial advisers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, including, without limitation, negotiating and obtaining debtor in possession financing and/or the use of cash collateral, and executing, delivering and performing any and all documents, agreements, certificates, and/or instruments in connection with such debtor in possession financing and/or use of cash collateral, with a view to the successful prosecution of such case;

FURTHER RESOLVED, that any Authorized Officer be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals and rulings of governmental or regulatory authorities,

7

certificates, and other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case;

GENERAL RESOLUTIONS

FURTHER RESOLVED, that it is in the Company's commercial interests that the Company approve and, as the case may be, enter into the Transaction and the documents to be entered into in connection with the Transaction, including the Restructuring Support Agreement, the exhibits thereto, the Vantage Purchased Companies Share Purchase Agreement, the Secured Promissory Note, the Security Agreement, the Amended and Restated Credit Facility, the indenture related to the New Secured Notes, the indenture related to the Secured Convertible PIK Notes, the Rights Offering Procedures, the Backstop Agreement, and the Indemnification Agreements (collectively, the "***Documents***");

FURTHER RESOLVED, that the Documents be approved, subject to such amendments and additions thereto as any Authorized Officer shall in such Authorized Officer's absolute discretion and sole opinion deem appropriate, the signature of such Authorized Officer on any of the Documents being due evidence for all purposes of such Authorized Officer's approval of any such amendment or addition and the final terms thereof on behalf of the Company;

FURTHER RESOLVED, that any Authorized Officer be, and each of them hereby is, authorized to give, make, sign, execute (under hand or seal or as a deed) and deliver the Documents and any agreements, letters, notices, certificates, acknowledgements, receipts, authorizations, instructions, releases, waivers, proxies, appointments of agents for service of process and other documents (whether of a like nature or not) (collectively, the "***Ancillary Documents***") as may in the sole opinion and absolute discretion of any such Authorized Officer be considered necessary or desirable for the purpose of giving effect to, consummating or completing or procuring the performance and completion of the Transaction;

FURTHER RESOLVED, that any Authorized Officer be, and each of them hereby is, authorized to do all such acts and deeds and to agree to all fees, as might in the sole opinion and absolute discretion of any such Authorized Officer be necessary or desirable for the purpose of giving effect to, consummating or completing or procuring the performance and completion of the Transaction;

FURTHER RESOLVED, that the Ancillary Documents be in such form as any Authorized Officer shall in such Authorized Officer's

8

absolute discretion and sole opinion approve, the signature of such Authorized Officer on any of the Ancillary Documents being due evidence for all purposes of such Authorized Officer's approval of the terms thereof on behalf of the Company;

FURTHER RESOLVED, that the Documents and Ancillary Documents (where required to be executed by the Company) be executed by the signature of any Authorized Officer or, where required to be executed as a deed, be either (i) sealed by the affixing thereto of the common seal of the Company, and witnessed as required by the articles of association of the Company, or (ii) executed as a deed by any Authorized Officer on behalf of the Company;

FURTHER RESOLVED, that all the Documents and Ancillary Documents be valid, conclusive, binding on and enforceable against the Company when executed and delivered in the manner aforesaid;

FURTHER RESOLVED, that all prior actions taken by any Authorized Officer, officer or agent for and on behalf of the Company in connection with the Transaction and the foregoing resolutions, including but not limited to, the signing of any agreements, resolutions, deeds, letters, notices, certificates, acknowledgements, receipts, authorizations, instructions, releases, waivers, proxies, instruments and other documents (whether of a like nature or not) and the payment of any and all related fees and expenses be confirmed, ratified and approved in all respects;

FURTHER RESOLVED, that any of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take any and all actions, to negotiate and enter into agreements and amendments to agreements, to perform all such acts and deeds, to execute, file, deliver, or record in the name of and on behalf of the Company, all such certificates, instruments, agreements, and other documents, and to make all such payments as they, in their judgment, may deem necessary, advisable, or appropriate in order to carry out the purpose and intent of, or consummate the transactions described by, the foregoing resolutions and/or all of the transactions described therein, the authorization therefor to be conclusively evidenced by the taking of such action or the execution and delivery of such certificates, instruments, agreements, and documents;

FURTHER RESOLVED, that these resolutions may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document. Each signatory may deliver a signed copy of these resolutions by facsimile, and any such copy shall be deemed to be an original.

9

[*Signatures appear on the following page*]

10

Dated: December 1, 2015

_____

Paul A. Bragg
Director

<u>Exhibit A</u>

Restructuring Support Agreement

[See Exhibit B to the Disclosure Statement filed concurrently herewith]

<table>
<tr><td>Fill in this information to identify the case:</td><td></td></tr>
</table>

| Fill in this information to identify the case: | |
|---|---|
| Debtor Name <u>Vantage Deepwater Drilling, Inc.</u><br><br>United States Bankruptcy Court for the District of Delaware<br><br>Case number (if known) _____ ___ | ☐ Check if this is an amended filing |

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT | CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT<br>ATTN: JOANNA ANDERSON<br>225 W. WASHINGTON ST., 21ST FLOOR<br>CHICAGO, IL  60606<br>UNITED STATES<br><br>PHONE: 312-262-3193<br>FAX: 312-376-0751<br>EMAIL:<br>Joanna.anderson@cortlandglobal.com | DEFICIENCY CLAIM RE: 2017 SECURED TERM LOAN | UNLIQUIDATED | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| 2 | CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT | CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT<br>ATTN: JOANNA ANDERSON<br>225 W. WASHINGTON ST., 21ST FLOOR<br>CHICAGO, IL  60606<br>UNITED STATES<br><br>PHONE: 312-262-3193<br>FAX: 312-376-0751<br>EMAIL:<br>Joanna.anderson@cortlandglobal.com | DEFICIENCY CLAIMS RE: 2019 SECURED TERM LOAN | UNLIQUIDATED | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| 3 | WELLS FARGO BANK, N.A., AS INDENTURE TRUSTEE | WELLS FARGO BANK, N.A., AS INDENTURE TRUSTEE<br>ATTN: PATRICK GIORDANO<br>750 N. SAINT PAUL PLACE, SUITE 1750<br>MAC T9263-170<br>Dallas, TX, 75201<br>UNITED STATES<br><br>PHONE: 214-756-7430<br>FAX: 214-777-4086<br>EMAIL: Patrick.giordano@wellsfargo.com | DEFICIENCY CLAIM RE: 7.125% SECURED NOTES | UNLIQUIDATED | UNDETERMINED | UNDETERMINED | UNDETERMINED |

WEIL:\95550958\1\78787.0003

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4  WELLS FARGO BANK, N.A., AS INDENTURE TRUSTEE | WELLS FARGO BANK, N.A., AS INDENTURE TRUSTEE ATTN:  PATRICK GIORDANO 750 N. SAINT PAUL PLACE, SUITE 1750 MAC T9263-170 DALLAS, TX, 75201 UNITED STATES  PHONE: 214-756-7430 FAX: 214-777-4086 EMAIL: Patrick.giordano@wellsfargo | DEFICIENCY CLAIM RE: 7.5% SECURED NOTES | UNLIQUIDATED | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| 5  3C METAL MIDDLE EAST FZE | 3C METAL MIDDLE EAST FZE ATTN:  - PLOT MO0629, JEBEL, ALI FREE ZONE DUBAI,   UNITED ARAB EMIRATES  PHONE: +971 (0) 4 8830682 FAX: +971 (0) 4 8830683 EMAIL: office@3cmetalme.com | TRADE PAYABLE | | | | $1,926,418 |
| 6  MDO-SERVICES, SARL | MDO-SERVICES, SARL ATTN:  - BP 2276 PORT GENTIL,  2276 GABON  PHONE: 241 01 55 83 85 FAX: 241 01 55 83 84 EMAIL:  math_15@yahoo.fr / mdoservices@aol.fr | TRADE PAYABLE | | | | $386,402 |
| 7  STX SERVICE AMERICAS, LLC | STX SERVICE AMERICAS, LLC ATTN: Michele Laughlin-Payne 4750 WINDFERN HOUSTON, TX  77041 UNITED STATES  PHONE: (713) 934-0056 FAX: EMAIL: mlpayne@onestx.com; usa@onestx.com | TRADE PAYABLE | | | | $144,071 |
| 8  MHWIRTH AS | MHWIRTH AS ATTN: Roy Dyrseth, CEO Butangen 20 PO Box 413 Lundsiden, NO-4604 NO-4639 Kristiansand, Norway  PHONE: 47 38 05 70 00 FAX: EMAIL: roy.a.dyrseth@mhwirth.com | TRADE PAYABLE | | | | $126,945 |
| 9  INTER CONTINENTAL DES SERVICES | INTER CONTINENTAL DES SERVICES ATTN:  - SIEGE SOCIAL 3 RUE TSOMBE POIINTE-NOIRE,   BP 5490 CONGO  PHONE: +242-040-023838 / +242-044-442078 FAX: +242-94-31-99. EMAIL: om@icsindustrial.com | TRADE PAYABLE | | | | $109,337 |
| 10  AMOSCO (GABON) | AMOSCO (GABON) ATTN:  -  PORT GENTIL,  BP 1686 GABON  PHONE:  (+241) 1561 346 FAX:  (+241) 550 031 EMAIL: amoscopog@live.com | TRADE PAYABLE | | | | $87,854 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | SENSE OF SIAM INTERNATIONAL TRADING | SENSE OF SIAM INTERNATIONAL TRADING ATTN: - Head Office - Sattahip 389/24 MOO 12, NONGPRUE, BANGLAMUNG CHONBURI,   20260 THAILAND  PHONE: +66 (0)33 679 816-20 FAX:  +66 (0)33 679 823 EMAIL: | TRADE PAYABLE | | | | $74,847 |
| 12 | DARON SHIPCHANDLER | DARON SHIPCHANDLER ATTN: - PO BOX 95 POINTE NOIRE,  BP 95 CONGO  PHONE: +242 94 29 15 /+242 670 12 12 FAX: +242 94 29 15 EMAIL: sam-cg-pnr@daron-shipchandler.com | TRADE PAYABLE | | | | $53,080 |
| 13 | KESUMA SHIPPING SDN BHD | KESUMA SHIPPING SDN BHD ATTN: - Jln Pelita Utama LOT 576-576, 2ND FLOOR, PELITA COMM MIRI, SARAWAK,   98008 MALAYSIA  PHONE: 6085 - 418908 FAX: 6085 - 418907 EMAIL: jingchi@pd.jaring.my | TRADE PAYABLE | | | | $49,742 |
| 14 | PANALPINA TRANSPORT MONDIAUX GABON | PANALPINA TRANSPORT MONDIAUX GABON ATTN: - Stefan Peter, Country Manager PORT GENTIL,  BP 876 GABON  PHONE: 241 01 55 30 92 FAX: 241 01 55 08 55 EMAIL: Stefan.Peter@panalpina.com | TRADE PAYABLE | | | | $48,662 |
| 15 | NORSAFE MARINE & OFFSHORE SERVICES, | NORSAFE MARINE & OFFSHORE SERVICES, ATTN: - Nicholas Hardaway 1301 EDWARDS AVENUE, SUITE C NEW ORLEANS, LA  70123 UNITED STATES  PHONE: 504-733-0100 FAX: 504-733-0155 EMAIL: nick.hardaway@norsafe.com | TRADE PAYABLE | | | | $44,847 |
| 16 | RST GLOBAL SOLUTIONS GULF OF MEXICO | RST GLOBAL SOLUTIONS GULF OF MEXICO ATTN: THREE SUGAR CREEK CTR., STE 100 SUGAR LAND, TX  77478 UNITED STATES  PHONE: 281-277-3637 FAX: EMAIL: info@rst-global.com | TRADE PAYABLE | | | | $36,647 |
| 17 | STE MANUTRANS | STE MANUTRANS ATTN: - BP 400 PORT GENTIL,  BP 400 GABON  PHONE: FAX: EMAIL: | TRADE PAYABLE | | | | $32,618 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | PANALPINA WORLD TRANSPORT (S) PTE L | PANALPINA WORLD TRANSPORT (S) PTE L ATTN: - Alex Donau, Country Manager 25 LOYANG OFFSHORE SUPPLY BASE, LOY SINGAPORE,  508988 SINGAPORE  PHONE: 65 6274 0188 FAX: 65 6277 4848 EMAIL: alex.donau@panalpina.com | TRADE PAYABLE | | | | $31,245 |
| 19 | FUGRO SEASTAR AS | FUGRO SEASTAR AS ATTN: - HOFFSVEIEN 1C OSLO,  275 NORWAY  PHONE: 47 2150 1400 FAX: 47 2150 1401 EMAIL: seastar@fugro.com | TRADE PAYABLE | | | | $30,000 |
| 20 | VALLOUREC ASIA PACIFIC CORP PTE LTD | VALLOUREC ASIA PACIFIC CORP PTE LTD ATTN: - 133 NEW BRIDGE ROAD, #21-01, CHINAT SINGAPORE,  59413 SINGAPORE  PHONE: +65 69339100 FAX: EMAIL: contact@vallourec.com | TRADE PAYABLE | | | | $29,920 |
| 21 | MANAGER UNIVERSEL SARLU | MANAGER UNIVERSEL SARLU ATTN: - SIEGE SOCIAL: 3, RUE TSOMBE POINTE NOIRE,  BP 5490 CONGO  PHONE: FAX: EMAIL: | TRADE PAYABLE | | | | $29,238 |
| 22 | WEATHERFORD ASIA PACIFIC PTE LTD | WEATHERFORD ASIA PACIFIC PTE LTD ATTN: - LOYANG OFFSHORE SUPPLY BASE BOX 513 LOYANG CRESCENT,  508988 SINGAPORE  PHONE: 65 6543 2133; 817 598-4111 FAX: 713-693-4270 EMAIL: | TRADE PAYABLE | | | | $28,993 |
| 23 | BAYONG RESOURCES SDN BHD | BAYONG RESOURCES SDN BHD ATTN: - LOT 2072, 1ST FLOOR JALAN CATTLEYA,  98000 MALAYSIA  PHONE: 608-5656991 FAX: 608-5656990 EMAIL: | TRADE PAYABLE | | | | $28,910 |
| 24 | BAYONG SERVICES SDN BHD | BAYONG SERVICES SDN BHD ATTN: - LOT 2073. 2ST FLOOR, JALAN CATTEYA MIRI, SARAWAK,  98000 MALAYSIA  PHONE: 6 085 - 656991; 6 085 - 656997 FAX: 6 085 - 656990 EMAIL: hr@bayong.com.my; enquiry@sennego.com | TRADE PAYABLE | | | | $27,677 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25  MARINE SUPPLY & SHIP SERVICES | MARINE SUPPLY & SHIP SERVICES ATTN: - MULJI LAXMIDAS BLDG. GR FLOOR, W.H. MUMBAI,   400001 INDIA  PHONE: 91 22 2261 2157 FAX: 91 22 2261 8332 EMAIL: | TRADE PAYABLE | | | | $26,844 |
| 26  EAAA | EAAA ATTN: - HAUT DE GUEGUE LIBREVILLE,   BP 36213 GABON  PHONE: +241 01 73 00 64 / +241 03 08 29 41 FAX: 241 01 56 92 83 / 241 03 46 78 81 EMAIL: eaaa@eaaa.pro - travel.assistance@eaaa.pro | TRADE PAYABLE | | | | $24,847 |
| 27  SCHLUMBERGER OVERSEAS S.A | SCHLUMBERGER OVERSEAS S.A ATTN: - 555 RASA TOWER, 11TH FLOOR, PHAHOLY CHATUCHAK, BANGKOK,   10900 THAILAND  PHONE: 33 1 4062 1187; 1 713 375 3494 FAX: 974 4493 4311; 66-662 9370701 EMAIL: ffellah@tripoli.oilfield.slb.com | TRADE PAYABLE | | | | $23,054 |
| 28  PRICEWATERHOUSECOOPERS TAX ADVISORS | PRICEWATERHOUSECOOPERS TAX ADVISORS ATTN: Mihaela Mitroi STRADA BARBU VACARESCU NR. 301-311 STAJ 7/1 SECT 2, BUCHAREST,   20276 ROMANIA  PHONE: 40 212 253 000 FAX: 40 212 253 600 EMAIL: Mihaela.Mitroi@ro.pwc.com | TRADE PAYABLE | | | | $18,882 |
| 29  RPS ENERGY SERVICES PTY LTD | RPS ENERGY SERVICES PTY LTD ATTN: - LEVEL 2, 38 STATION STREET SUBIACO WA,   6008 AUSTRALIA  PHONE: 44 (0)1235 438 000 FAX: 44 (0)1235 834 698 EMAIL: rpsmp@rpsgroup.com | TRADE PAYABLE | | | | $18,084 |
| 30  GATES ENGINEERING & SERVICES PTE LT | GATES ENGINEERING & SERVICES PTE LT ATTN: - 40 GUL CIRCLE SINGAPORE,   629575 SINGAPORE  PHONE: (65) 6861-7322 FAX:  (65) 6861-7631 EMAIL: gates.gess@gates.com | TRADE PAYABLE | | | | $16,700 |

WEIL:\95550958\1\78787.0003

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Vantage Deepwater Drilling, Inc.</u>

United States Bankruptcy Court for the District of Delaware

Case number *(if known)*: _____

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐    Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐    Schedule H: Codebtors (Official Form 206H)

☐    Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐    Amended Schedule ____

☒    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>12/3/2015</u>          **X**    <u>/s/ Christopher G. DeClaire</u>
                MM/DD/YYYY                    Signature of individual on behalf of debtor

                                            <u>Christopher G. DeClaire</u>
                                            Printed name

                                            <u>Authorized Officer</u>
                                            Position or relationship to debtor

WEIL:\95550958\1\78787.0003

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------x
                                                 :
In re                                            :      Chapter 11
                                                 :
OFFSHORE GROUP                                   :      Case No. 15-_____ (___)
INVESTMENT LIMITED, et al.,                      :
                                                 :      Joint Administration Requested
            Debtors.¹                            :
                                                 :
-------------------------------------------------x
```

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1) and 7007.1 and

Rule 1007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "***Local Rules***"), attached hereto is an

organizational chart reflecting all of the ownership interests of Offshore Group Investment

Limited ("***OGIL***") and certain of its subsidiaries, as proposed debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "***Debtors***").  Each entity is 100%

owned by its direct parent unless otherwise noted.  32.9% of the equity of Vantage Drilling

Company, the ultimate parent of all the Debtors, is directly owned by F3 Capital, an entity 100%

owned and controlled by Hsin-Chi Su (a/k/a Nobu Su), a former director of Vantage Drilling

Company.  14.0% of the equity of Vantage Drilling Company is owned by FMR LLC.

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Offshore Group Investment Limited; Vantage Delaware Holdings, LLC; Dragonquest Holdings Company; Emerald Driller Company; P2020 Rig Co.; P2021 Rig Co.; PT. Vantage Drilling Company Indonesia; Sapphire Driller Company; Vantage Deepwater Company; Vantage Deepwater Drilling, Inc. (3668); Vantage Driller I Co; Vantage Driller II Co; Vantage Driller III Co; Vantage Driller IV Co.; Vantage Driller VI Co.; Vantage Driller ROCO S.R.L.; Vantage Drilling Africa; Vantage Drilling (Malaysia) I Sdn. Bhd.; Vantage Drilling Labuan I Ltd.; Vantage Drilling Netherlands B.V.; Vantage Holding Hungary Kft.; Vantage Holdings Cyprus ODC Limited; Vantage Holdings Malaysia I Co; and Vantage International Management Co.  The Debtors' mailing address is 777 Post Oak Boulevard, Suite 800, Houston, Texas 77056.



**Fill in this information to identify the case and this filing:**

Debtor Name <u>Vantage Deepwater Drilling, Inc.</u>

United States Bankruptcy Court for the District of Delaware

Case number *(if known)*: _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule ____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration   <u>Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>12/3/2015</u>          **X**   <u>/s/ Christopher G. DeClaire</u>
      MM/DD/YYYY               Signature of individual on behalf of debtor

                                              <u>Christopher G. DeClaire</u>
                                              Printed name

                                              <u>Authorized Officer</u>
                                              Position or relationship to debtor